## Case No. 14,957a.

### UNITED STATES v. DICKINSON.

[Hempst. 1.] [2]

Superior Court, Territory of Arkansas. Jan., 1820.

#### RAPE—INDICTMENT—JURY.

1. It is not a fatal defect in an indictment for rape that it also alleges that the woman was gotten with child.

2. Before a jury is made up, incompetent jurors who have been summoned, may be discharged, and others summoned in their places.

Indictment [against Thomas Dickinson] for rape.

Before SCOTT, J.

This was an indictment for rape committed on the person of Sally Hall, to which the defendant pleaded not guilty, and there was a trial by jury composed of Richmond Peeler, Charles Roberts, Manuel Roderigue, John Jordolas, Jacques Gocio, Stephen Vasseau, Nathal Vasseau, Michael Petterson, John Pertua, Manuel Pertua, Pierre Mitchell, and Attica Nodall, who, after hearing evidence and arguments of counsel, retired to consult of their verdict, and, after deliberation, returned into court the following, namely, "We, the jury, find the defendant guilty of rape, in manner and form as in the indictment alleged."

The counsel for the prisoner moved in arrest of judgment for the following reasons: "(1) It does not appear by the indictment that the same was found by the grand jurors of the United States. (2) No place is mentioned in the indictment where the offence was committed, nor is it mentioned in what year it was committed. (3) The assault and rape are not positively and directly charged in the indictment. (4) It is not stated to have been feloniously committed. (6) It is not alleged in the indictment that Sally Hall was in the peace of God and the United States when the offence is alleged to have been committed. (7) Two offences, which are inconsistent with each other, are alleged to have been committed at the same time, in the indictment, namely, rape on Sally Hall, and the getting her with child.[2] (8) The place of residence and occupation of the accused is not mentioned in the indictment. (9) It appears by the record that H. Armstrong was foreman of the grand jury who found the bill of indictment, and that H. Armstrong is not a competent juror, not having resided 12 months in this territory. (10) Three jurors were dismissed by the court after they were sworn, and before they found a verdict, as appears from the record."[3]

Joshua Norvell, for the United States.

Jasin Chamberlain, Henry Cassady, Alexander S. Walker, and Perly Wallis, for prisoner.

THE COURT overruled the motion, and said that some of the reasons urged in arrest of judgment were not sustained by the record; that others were not proper grounds in arrest of judgment, and that some had not been presented at the proper time nor in a proper manner, if good at all.

The prisoner being asked if he had any objection why sentence should not be pronounced against him on the verdict of the jury, said that he objected to any sentence, because he was advised that the indictment did not properly charge the commission of a felony.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel H. Hempstead, Esq.]

25 FED. CAS.—54

[2] The old notion that if the woman conceived, it could not be a rape, because she must in such case have consented, is quite exploded. 1 Hale, P. C. 631; 1 Hawk. P. C. c. 41, § 8; 1 East, P. C. p. 445, c. 10, § 7; 1 Russ. Crimes, p. 677. Impregnation, it is well known, does not depend on the consciousness or volition of the female. If the uterine organs be in a condition favorable to impregnation, this may take place as readily as if the intercourse was voluntary. Tayl. Med. Jur.

[3] Before the jury was made up, three persons who had been sworn as jurors, namely, William A. Luckie, John O'Regan, and Thomas Stephens, were discharged on the motion of the prosecuting attorney, on the ground that they had not resided 12 months in the territory (Geyer, Dig. p. 34), and others were ordered to be sworn in their places, and to this proceeding, the counsel of the accused objected.

THE COURT disregarded. his objection, and sentenced him to be castrated according to the law in that behalf provided, by a skillful physician, under the direction of the sheriff of Arkansas county, on the 15th February, 1820, between 10 o'clock a. m., and 3 o'clock p. m., of that day.[4]

· A motion was made by the prisoner for a writ of error coram nobis, but the motion was overruled.

---

[4] This sentence was not executed, the prisoner having been pardoned by James Miller, the governor of Arkansas territory.

